## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAWN THOMPSON, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA LCC, a Delaware Limited Liability Company; SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC, a Delaware Limited Liability Company,<br><br>　　　Defendants. | **Civil Case No.:** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DAWN THOMPSON ("Plaintiff"), on behalf of herself and all others similarly situated hereby brings this action against SONY COMPUTER ENTERTAINMENT AMERICA LLC ("SCEA") and SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC ("SNEI") (collectively "SONY" or "Defendants").  Plaintiff makes the following allegations based upon the investigation undertaken by Plaintiff's counsel, which included, *inter alia*, review and analysis of Defendants' press releases, Defendants' websites, various news articles, and web forums:

1.　　　Plaintiff brings this class action suit on her own behalf and on behalf of all other persons or entities in the United States, who purchased a Sony PlayStation console and subscribed to the PlayStation Network or Qruicity service, and suffered loss of service and have had personal or financial data stolen or compromised from Defendants' computer systems. Plaintiff also brings this class action suit on behalf of a subclass of all

other persons or entities outside the United States, who purchased a Sony PlayStation console and subscribed to the PlayStation Network or Qruicity service, and also suffered loss of service and have had personal or financial data stolen or compromised from Defendants' computer systems. This suit seeks to redress Defendants' failure to adequately safeguard consumers' private financial and personal information. More specifically, this action seeks to redress Defendants' breach of warranty, negligent data security, violations of consumers' rights of privacy, failure to protect those rights, and failure and on-going refusal to timely inform consumers of unauthorized third party access to their credit card account and other nonpublic and private financial information.

2.     This action arises from SONY's failure to maintain adequate computer data security of consumer personal data and financial data, including, but not limited to credit card data and the reasonably foreseeable exploitation of such inadequate security at defendant SONY by computer "hackers," causing the compromise of the privacy of private information of approximately one hundred (100) Million consumer credit card account holders. Plaintiff is informed and believes that this breach of security was caused by SONY's negligence in data security, including its failure to maintain a proper firewall and computer security system, failure to properly encrypt data, its unauthorized storage and retention of data, its violation of Payment Card Industry Data Standard(s) and rules and regulations it was bound to obey for the benefit of consumers concerning the storage of consumers' private identifying transaction and credit card information.

3.     Subsequent to the compromise of private consumer information and financial data, Defendants unduly delayed or failed to inform in a timely fashion the appropriate entities and consumers whose data was compromised of their vulnerabilities

and exposure to credit card (or other) fraud such that consumers could make an informed decision as to whether to change credit card numbers, close the exposed accounts, check their credit reports, or take other mitigating actions. Defendants have failed to provide regular credit reports and credit monitoring at their own expense to those whose private data was exposed and left vulnerable. This has caused, and continues to cause, millions of consumers fear, apprehension, and damages including extra time, effort, and costs for credit monitoring, and extra time, effort, and costs associated with replacing cards and account numbers, and burden, and is harming both consumers' and merchants' ability to protect themselves from such fraud. This lawsuit seeks to remedy this reprehensible situation.

4.      Plaintiff and all other users of PlayStation® consoles and PlayStation® Network ("PSN") service, were further damaged as a result of the disruption of service and loss of data security. This suit seeks to redress SONY's failure to adequately provide service to PlayStation consoles and PlayStationNetwork ("PSN").

5.      As reported in numerous published sources, as a result of the breach of security and loss of personal data belonging to Plaintiff and Class members, Users experienced an inability to access PSN services, including inability to use the online gaming network.

6.      Defendants had not informed Plaintiff or all other users of PlayStation consoles and PlayStation® Network ("PSN") service regarding the reason for suspension of service or the fact of the security breach for a week after the security breach.

7.      Plaintiff seeks damages to compensate herself, the Class and Subclass for their loss (both temporary and permanent) of use of their PlayStation consoles and the

PlayStation® Network and Qriocity services (collectively referred to herein as "PSN" service), and their time and effort spent attempting to protect their privacy, identities and financial information.

8.      Furthermore, Plaintiff is informed and believes that Defendants have been aware for a substantial period of time that PSN was prone to catastrophic loss of data from a security breach. Nevertheless, Defendants failed to warn its customers of the problem or tried to prevent them from suffering system suspension from security breaches and data losses. Defendants have failed to effectively remedy the problems and defects inherent in the PSN. Unwilling to admit fault, SONY sat silently while consumers purchased defective PlayStation consoles and PSN service without warning customers about the risks inherent in purchasing and relying upon SONY's data security.

9.      Plaintiff seeks actual and/or compensatory damages; restitution; equitable relief, including the replacement and/or recall of the defective PlayStation consoles and the PSN service; costs and expenses of litigation, including attorneys' fees; and all additional and further relief that may be available. Plaintiff reserves the right to amend her Complaint to add additional relief as permitted or other applicable law.

## I.   JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C § 1332(d).  The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interest and costs, and at least one Plaintiff has diverse citizenship from at least one Defendant, and there are more than 100 class members.

11.     Venue is proper in this District under 28 U.S.C § 1391(a)(2) because

Plaintiff resides in this district, Defendants have an registered agent and have transacted business within the District of Massachusetts within the meaning of 28 U.S.C. §1391(a) as defined in 28 U.S.C. §1391(c), and because a substantial part of the events giving rise to the claims alleged herein occurred in the District of Massachusetts.   Therefore, Defendants' contacts with this District are sufficient to subject Defendants to personal jurisdiction in this Court.

## II. <u>PARTIES</u>

12.     Plaintiff, DAWN THOMPSON, is an individual residing in Essex County, Commonwealth of Massachusetts.   Plaintiff is a current customer of Defendants who purchased SONY PlayStation 3 console, the PSN Service and multiplayer games for use on the PSN service in or around 2009.   In order to subscribe to the PSN Service, Plaintiff provided Defendants with an extensive amount of sensitive personal and financial information (collectively, the "Confidential Information").   Without any notice or warning of the security breach from the Defendants that his personal and credit card data has been assessed, Plaintiff noticed that he lost access to PSN.

13.     Defendant, SONY COMPUTER ENTERTAINMENT AMERICA LLC (formerly SONY COMPUTER ENTERTAINMENT AMERICA INC.) ("SCEA") is a Delaware limited liability company with its executive offices and principal place of business and corporate headquarters in the State of California.   Defendant SCEA is registered to do business within the Commonwealth.

14.     Defendant, SONY NETWORK ENTERTAINMENT INTERNATIONAL LLC ("SNEI") is a Delaware limited liability company with its executive offices and principal place of business and corporate headquarters in the State of California.

Defendant SNEI conducts business in Massachusetts.

### III.        CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons or entities that purchased a Sony PlayStation console and subscribed to the PlayStation Network or Qriocity service and suffered loss of service and breach of security on or about April 16-20, 2011 and a similar subclass for all persons and entities outside the United States. [1]

16.     Excluded from this Class and Subclass are Defendants, any affiliate, parent, or subsidiary of Defendants; any entity in which Defendants have a controlling interest; any officer, director, or employee of Defendants; any successor or assign of Defendants; and any Judge to whom this case is assigned as well as his or her immediate family.

17.     This action has been brought and may be properly maintained on behalf of the proposed class under the criteria of Federal Rule of Civil Procedure Rule 23.

18.     **Numerosity of the Class.** Members of the class and subclass are so numerous that their individual joinder is impracticable. According to Sony and a security consulting firm, Arixmar, more than one hundred (100) million consumers may have suffered loss of service and breach of their Confidential Information they gave to Defendants. Although the exact number of class members and their addresses are presently unknown to Plaintiff, they are readily ascertainable from Defendants' records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary by the Court) by published notice.

---

[1]   Plaintiff reserves the right to amend the Class or Subclass definition or the class certification motion or otherwise.

19.     **<u>Existence and Predominance of Common Questions of Law and Fact.</u>**

Common questions of law and fact exist as to all members of the class and predominate over questions affecting only individual class members. These common questions include the following:

a.  Whether Defendants breached their obligations to Plaintiff and class members to protect, secure, properly dispose of Plaintiff and class members' Confidential Information;

b.  Whether Defendants had an implied contractual obligation to Plaintiff and class members to protect, secure, properly dispose of Plaintiff and class members' Confidential Information;

c.  Whether Defendants breached their implied contractual obligation to Plaintiff and class members to protect, secure, and properly dispose of Plaintiff and class members' Confidential Information;

d.  Whether Defendants were reckless in protecting Plaintiff and class members' Confidential Information entrusted to them;

e.  Whether Defendants were negligent in protecting Plaintiff and class members' Confidential Information entrusted to them;

f.  Whether Defendants' failure to protect Plaintiff and class members' Confidential Information violated the legally Confidential privacy interests of Plaintiff and class members under the Constitution;

g.  Whether Defendants intentionally violated the Fair Credit Reporting Act;

h.  Whether Defendants negligently violated the Fair Credit Reporting Act;

     i.    Whether Plaintiff and class members are entitled to equitable relief, including but not limited to injunctive relief and restitution; and

     j.    Whether Plaintiff and class members are entitled to actual damages, punitive damages and other monetary relief and, if so, in what amount.

20.   **Typicality**. Plaintiff's claims are typical of the claims of other class members.  Plaintiff has no interests antagonistic to those of the class and subclass and are subject to no unique defenses.

21.   **Adequacy of Representation**. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the class and subclass will be fairly and adequately represented by Plaintiff and his counsel.

22.   **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by individual class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for the members of the class to individually seek redress for Defendants' wrongful conduct.  Even if the members of the class and subclass could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device

presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

23.     In the alternative, the class may be certified because:

a.  The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual class members, which would establish incompatible standards of conduct for Defendants;

b.  The prosecution of separate actions by individual class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.  Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

## IV. FACTUAL ALLEGATIONS

24.     Defendants represent and advertise the PlayStation consoles and PSN and Qriocity services as being an exceptionally powerful and secure gaming system and online gaming network, offering games, music and movies to people with PlayStation consoles.

25.     The PlayStation consoles and PSN service allow users to play games online and buy content and services, such as new levels for games, movies, television shows or original programs.

26.     On information and belief, PSN's security was repeatedly breached on or about April 16, 2011 through April 20, 2011, exposing names, addresses, email addresses, birthdates, usernames, passwords, logins, security questions and possibly credit card data belonging to approximately one hundred (100) million user accounts.

27.     On information and belief, Defendant shut down PSN upon learning of the

breach, but failed to advise Plaintiff or members of the Class and Subclass until Tuesday, April 26, 2011.

28.     Subsequently, on information and belief, Defendants detected a further intrusion which caused them to temporarily shut down their services again on or about May 2, 2011.  Approximately 23,400 financial records from an outdated 2007 database involving people outside the United States, including 10,700 direct debit records of customers in Austria, Germany, the Netherlands and Spain were exposed during the newly discovered breach.  The outdated information contained credit card numbers, debit card numbers and expiration dates.  The direct debit records included bank account numbers, customer names, account names and customer addresses.

29.     Defendants' shutdown of PSN prevented Plaintiff, the Class and Subclass from buying and downloading games or making use of their PlayStation consoles for multiplayer gaming over the Internet.

30.     On information and belief, children with accounts established by their parents also may have had their data exposed.

31.     SONY's spokesperson reportedly announced that, "… we are advising you that your credit card number (excluding security code) and expiration date may have been obtained."

32.     On information and belief, members of the Class and Subclass have begun to experience losses from fraudulent use of credit card information believed compromised by the security breach alleged herein.

33.     Defendants have consistently misrepresented the quality and reliability of the PSN service and its ability to keep data secure, including, but not limited to its

representations in its Privacy Policy, which states in pertinent part:

> **Accuracy & Security** We take reasonable measures to protect the confidentiality, security, and integrity of the personal information collected from our website visitors. Personal information is stored in secure operating environments that are not available to the public and that are only accessible to authorized employees. We also have security measures in place to protect the loss, misuse, and alteration of the information under our control…

34.     On information and belief, SONY failed to maintain proper and adequate backups and/or redundant systems, failed to encrypt data and establish adequate firewalls to handle a server intrusion contingency, failed to provide prompt and adequate warnings of security breaches and unreasonably delayed in bringing the PSN service back on line.

35.     The harm caused by Defendants' false and misleading statements and omissions grossly outweigh any benefit that could be attributed to them.

36.     On information and belief, Defendants are and have been aware of the scope of the problems with the PSN service but has failed to take substantial corrective action. On information and belief, Defendants have taken only minimal action in response to consumer complaints.

37.     Unless notice is provided to the Class and Subclass, and immediate remedial action taken, most other users of the PlayStation and PSN service will eventually suffer the same fate, at considerable cost, expense and loss as Plaintiff have suffered and continue to suffer to date.

38.     On information and belief SONY was, at all times relevant herein, in violation of the Payment Card Industry Data Security Standard by, including (without limitation), the following conduct: improperly storing and retaining credit card transaction and customer data in an unencrypted, unsecured, and unauthorized manner, failing to all reasonable steps to destroy, or arrange for the destruction of a customer's

records within its custody or control containing personal information which is no longer authorized to be retained by the business by failing to shred, erase, or otherwise modify the personal information in those records to make it unreadable or undecipherable through any means; failing to properly install, implement, and maintain a firewall to protect consumer data; failing to properly analyze and restrict IP addresses to and from its computer systems; or properly perform dynamic packet filtering; failing to properly restrict access to its computers; failing to properly protect stored data; failing to encrypt cardholder data and other sensitive information; failing to properly implement and update adequate anti-virus and anti-spyware software that would properly prevent unauthorized data transmissions caused by viruses, executables or scripts, from its servers or computer systems; failing to track and monitor all access to network resources and cardholder data; failing to regularly test security systems and processes or maintain an adequate policy that addresses information security, or to run vulnerability scans.

39.     On information and belief, due to security vulnerabilities at SONY, computer "hackers" (unauthorized third parties) gained access to SONY's computer data and compromised the security of approximately one hundred (100) million credit card accounts and related security, identity and transaction data.

40.     On information and belief, one or more unauthorized persons who accessed SONY's computer data gained unauthorized access to the personal financial, credit and debit account, identifying, and other nonpublic information of plaintiffs herein.

41.     The compromised and stolen data was private and sensitive in nature and, on information and belief, was left unencrypted by SONY on its servers and included (without limitation), on information and belief, consumers' names, credit card account

numbers, access codes and other personal identifying information, including, but not limited to addresses, birthdates, usernames, passwords, logins and security questions.

## COUNT I
### (For Negligence)

42.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

43.     Defendants had a duty to safeguard the Confidential Information of Plaintiff and all other unnamed class members that was provided to Defendants in the ordinary course of business.

44.     Defendants breached the duties owed to Plaintiff and the class by failing to ensure the integrity of the Confidential Information of Plaintiff and class members.

45.     Defendants were negligent in their implementation and maintenance of security measures to prevent the security breach of the Confidential Information of Plaintiff and the class members they maintained in the course of their business.

46.     As a direct and proximate result of Defendants' negligence, Plaintiff and class members have sustained damages.

## COUNT II
### (For Invasion of Privacy and Misappropriation of Confidential Financial Information)

47.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

48.     Plaintiff and class members have a legally protected privacy interest in their Confidential Information and a reasonable expectation of privacy in such information.

49.     Defendants violated the privacy rights of Plaintiff and class members by failing to safeguard Plaintiff and Class members' Confidential Information and other information. The Plaintiff and class members' names and Confidential Information have value.

50.     As a result of the unlawful conduct as alleged herein, the privacy rights of Plaintiff and the class have been violated, and Plaintiff and class members have been harmed as a result thereof.

**COUNT III**
**(For Breach of Implied Contract)**

51.     Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.

52.     When Defendants obtained Confidential Information from Plaintiff and class members, they impliedly agreed to, among other things, properly maintain Plaintiff and class members' data and provide uninterrupted PSN service.  In exchange, Plaintiff and class members agreed to purchase PlayStation consoles and PSN service.

53.     Defendants entered into implied contracts with Plaintiff and class members.  Implied contracts arose from the course of conduct between the parties, as well as disclosures on Defendants' websites, in advertising materials, on product packaging, and/or in customer contracts.  For example, Defendants disclosed on numerous occasions as alleged herein that users' data would not be disclosed to third parties.  The disclosures created a reasonable expectation that users' data would be adequately maintained, and that the PSN functionality would be continuously available.

54.     Valid consideration existed, as Plaintiff and class members paid money to Defendants in exchange for Defendants' agreement to, among other things, maintain users' data and provide uninterrupted PSN service.

55.     Defendants breached such agreement and undertaking by failing to safeguard the information, thereby subjecting Plaintiff and class members to increased risk of identity theft and fraudulent use of their Confidential Information and failing to provide uninterrupted PSN service.

56.     The risk of identity theft and fraudulent use of information requires that the millions of affected individuals monitor their accounts and credit reports, or cause them to be monitored by others.

57.     As a result, Plaintiff and each class member have suffered a quantifiable loss and will continue to suffer damages including, but not limited to, loss of personal, private financial information and an interruption in service.  .

## COUNT IV
## (For Breach of Express Contract)

58.     Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

59.     Defendant agreed to, among other things, properly maintain Plaintiff's and Class members' data and provide uninterrupted PSN service. In exchange, Class members agreed to purchase PlayStation consoles and PSN service.

60.     Valid consideration existed, as Plaintiff and Class members paid money in exchange for Defendant's agreement to, among other things, maintain Plaintiff's and Class members' data and provide uninterrupted service.

61.     The parties' agreement is contained in customer contracts and related documents.

62.     Defendant breached its contracts because Defendant did not properly maintain Plaintiff's and Class members' electronic information or provide uninterrupted service.

63.     Class members suffered and will continue to suffer damages including, but not limited to, loss of their electronic information and an interruption in service.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the following prayer for relief, on behalf of herself and class members:

a. An order certifying the class and subclass and appointing Plaintiff and her counsel to represent the class;

b. Injunctive relief as plead or as the Court may deem proper;

c. Restitution and all other forms of equitable monetary relief;

d. Actual, statutory, and punitive damages;

e. Declaratory relief;

f. Attorneys' fees and costs of suit, including expert witness fees, and;

g. Such other relief as the Court may deem appropriate.

## **PRAYER FOR RELIEF**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: May 5, 2011

Respectfully submitted,

/s/ Kenneth G. Gilman
Kenneth G. Gilman, Esq.
GILMAN AND PASTOR, LLP
16 Fourteenth Avenue
Wareham, MA 02571
T: (508) 291-8400
F: (508) 291-3258
kgilman@gilmanpastor.com

*Attorneys for Individual and*
*Representative Plaintiff,*
*Dawn Thompson*